IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

NATIONWIDE INSURANCE
COMPANY OF AMERICA,

      Appellant,

v.

      Case No.  5D21-2889
      LT Case No. 2018-36022-COCO

INTEGRITY MEDICAL GROUP,
LLC A/A/O WILLIAM ELLIOTT,

      Appellee.
_____/

Opinion filed February 3, 2023

Appeal from the County Court
for Volusia County,
Belle B. Schumann, Judge.

DeeAnn J. McLemore, of Banker
Lopez Gassler P.A., St. Petersburg,
for Appellant.

Douglas H. Stein, of Douglas H.
Stein, P.A., Coral Gables, for
Appellee.


PER CURIAM.

In this personal injury protection insurance case, Integrity Medical Group, LLC a/a/o William Elliott ("Integrity") brought an action in small claims court against Nationwide Insurance Company of America ("Nationwide"). Pursuant to Florida Small Claims Rule 7.020(c), the trial court entered an order invoking the Florida Rules of Civil Procedure (with certain exceptions not relevant to this case). Subsequently, after a non-evidentiary hearing, the trial court entered a final judgment in favor of Integrity.

On appeal, Nationwide argues that the trial court erred in treating, over objection, Integrity's motion for summary disposition filed pursuant to Florida Small Claims Rule 7.135 as a motion for summary judgment filed under Florida Rule of Civil Procedure 1.510, and granting same. We agree. Integrity's motion did not comply with requirements set forth in rule 1.510 and Nationwide was deprived of the opportunity to avail itself, as the nonmoving party, of the procedural safeguards provided under the rule. Accordingly, we reverse the final judgment entered in favor of Integrity and remand for further proceedings.

REVERSED and REMANDED.

EVANDER, MAKAR and EDWARDS JJ., concur.